UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

SHELLEY J TYNAN, Debtor
XXX-XX-7044

CHAPTER 13
CASE NO: 14-45778
JUDGE MARIA L. OXHOLM

**TRUSTEE'S NOTICE OF FINAL CURE PAYMENT AND
TRUSTEE'S NOTICE OF COMPLETION OF PLAN PAYMENTS;
NOTICE TO CREDITORS OF OBLIGATION TO
FILE A RESPONSE AND RIGHT TO OBJECT; AND
NOTICE TO DEBTOR OF OBLIGATION TO FILE DEBTOR'S CERTIFICATION**

Please read this Report carefully. It advises you of certain
rights and deadlines imposed pursuant to law.
**Your rights may be adversely affected.**

Tammy L. Terry, Standing Chapter 13 Trustee, pursuant to F.R.Bankr.P. 3002.1(f) and E.D. Mich. LB 2015-3(a)(1), reports that the above-named Debtor(s) has/have completed all payments under the confirmed Chapter 13 plan.

This notice is provided pursuant to F.R.Bankr.P. 3002.1(f), to claimants whose claims are secured by security interest in the debtor(s) principal residence and whose claims are provided for under 11 U.S.C. 1322(b)(5).

**IF YOUR CLAIM WAS PAID BY THE TRUSTEE, THE DEBTOR(S) HAS/HAVE PAID IN FULL THE AMOUNT REQUIRED TO CURE ANY DEFAULT ON YOUR CLAIM.**

**IF YOUR CLAIM WAS PAID DIRECTLY BY THE DEBTOR(S) OR THE AUTOMATIC STAY WAS LIFTED DURING THE TERM OF THE DEBTOR(S) CHAPTER 13 PLAN, THE TRUSTEE DOES NOT HAVE ANY INFORMATION REGARDING WHETHER THIS OBLIGATION IS CURRENT.**

**PURSUANT TO F.R.BANKR.P. 3002.1(g), YOU ARE REQUIRED TO FILE AND SERVE A RESPONSE ON THE DEBTOR(S), DEBTOR(S)' COUNSEL AND THE TRUSTEE, NO LATER THAN 21 DAYS AFTER SERVICE OF THIS NOTICE. F.R.BANKR.P. 3002.1(g) SETS FORTH THE SPECIFICS GOVERNING THE REQUIRED RESPONSE.**

In addition to the requirements of F.R.Bankr.P. 3002.1(g), pursuant to E.D. Mich. LBR 2015-3(a)(2), if Court determines that Debtor is eligible for a Discharge, the Order of Discharge will include findings th

1. All allowed claims have been paid in accordance with the plan; and

2. With respect to any secured claim that continues beyond the term of the plan, any prepetition o post-petition defaults have been cured and the claim is in all respects current, with no escrow balan late charges, costs or attorney fees owing.

Pursuant to E.D. Mich. LBR 2015-3(a)(3), if the Court determines that Debtor is eligible for a Discharg the Order of Discharge will direct that:

1. Any creditor who held a secured claim that was fully paid shall execute and deliver to the Debt release, termination statement, discharge of mortgage or other appropriate certificate suitable for recording; and

2. Any creditor who holds a secured claim that continues beyond the term of the plan shall take n action inconsistent with the findings set forth in the Order of Discharge.

## RIGHTS AND DUTIES OF DEBTOR

**Duty of Debtor regarding secured debt obligations:** Every Debtor, regardless of whether the Debt is or claims to be entitled to a discharge, must:

1. Immediately begin making the required payments on secured debt obligations to avoid defaultir on those secured debt obligations.

2. Continue to make required payments on secured debt obligations until those obligations are pa in full. If the Court determines that the Debtor is eligible for a Discharge, the Chapter 13 Discharge will not discharge the Debtor from any obligation on any continuing secured debt payments that con due after the date of Debtor's last payment under the Plan.

See E.D. Mich. LBR 2015-3(a)(6)&(7).

**If the Debtor claims to be eligible for a discharge pursuant to 11 USC Section 1328:**

1. Within 28 days of the date of this Chapter 13 Trustee's Report, the Debtor must file with the Co the Chapter 13 Debtor's Certification Regarding Domestic Support Obligations and Section 522 (q) Official Form B283. The form and instructions on how to complete this form may be found on the U Court's web site, www.mieb.uscourts.gov.

2. If this is a Joint Case, each Debtor must separately complete and file a Chapter 13 Debtor's Certification Regarding Domestic Support Obligations and Section 522(q), Official Form B283.

3. If the Debtor fails to complete and file a Chapter 13 Debtor's Certification Regarding Domestic Support Obligations and Section 522(q), Official Form B283 within 28 days of the date of this Chapt 13 Trustee's Report, the Debtor's case may be closed by the Court without the entry of a discharge

See E.D. Mich. LBR 4004-1.

## **RIGHTS AND DUTIES OF CREDITORS**

In addition to the requirements of F.R.Bankr.P. 3002.1(g), pursuant to E.D. Mich. LBR 2015-3(a)(4), if any party in interest asserts that:

1. The Debtor has failed to make all payments to the Chapter 13 Trustee as required by the confirmed Chapter 13 plan; or

2. The Debtor is not current in any payments the Debtor was authorized to make directly to a creditor; or

3. One or more allowed claims have not been paid in accordance with the plan; or

4. With respect to any secured claim that continues beyond the term of the plan, there remains prepetition or post-petition defaults that have not been cured or that the claim is otherwise not current in all respects including, but not limited to, and unpaid escrow balance, late charge, cost or attorney fee; or

5. A creditor has a lawful reason to refuse to execute or deliver a release, termination statement, discharge of mortgage or other appropriate certificate suitable for recording; or

6. There exists reasonable cause to believe that:

    (a). 11 U.S.C. Section 522(q)(1) may be applicable to the Debtor(s); or

    (b). There is pending any proceeding in which the debtor may be found guilty of a felony of the kind specified in 11 U.S.C. Section 522(q)(1)(A) or found liable for a debt of the kind described in 11 U.S.C. Section 522(q)(1)(B)

the party may file an objection to this Report. Any objection must be filed not later than 21 days after service of this Trustee's Report. If a timely objection is filed, the Court will delay entry of the order of discharge until the Court resolves the objection and a hearing will be scheduled with notice to the objecting party.

In addition to the requirements of F.R.Bankr.P. 3002.1(g), if no objection to this Trustee's Report is timely filed, pursuant to E.D. Mich. LBR 2015-3(a)(5), it shall be conclusively determined that:

1. Debtor has made all payments to the Chapter 13 Trustee as required by the confirmed Chapter 13 plan; and

2. Debtor is current in all payments Debtor was authorized to make directly to a creditor; and

3. All allowed claims have been paid in accordance with the plan; and

4. With respect to any secured claim that continues beyond the term of the plan, all prepetition and post-petition defaults have been cured and the claim is current in all respects including, but not limited to, all escrow balances, late charges, costs or attorney fees; and

5. A creditor has a no lawful reason to refuse to execute or deliver a release, termination statement, discharge of mortgage or other appropriate certificate suitable for recording; and;

6. There exists no reasonable cause to believe that:

   (a). 11 U.S.C. Section 522(q)(1) may be applicable to the Debtor(s); or

   (b). There is pending any proceeding in which the debtor may be found guilty of a felony of the kind specified in 11 U.S.C. Section 522(q)(1)(A) or found liable for a debt of the kind described in 11 U.S.C. Section 522(q)(1)(B)

7. The Court may enter an order of discharge containing the terms set forth above without further notice or hearing.


January 14, 2020          OFFICE OF THE CHAPTER 13 TRUSTEE - DETROIT

                          /S/ TAMMY L. TERRY, Chapter 13 Trustee

                          /S/ KIMBERLY SHORTER-SIEBERT (P49608)
                          /S/ MARILYN R. SOMERS-KANTZER (P52488)
                          535 Griswold Street, Suite 2100
                          Detroit, MI  48226
                          (313) 967-9857
                          mieb_ecfadmin@det13.net

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

SHELLEY J TYNAN, Debtor
XXX-XX-7044

CHAPTER 13
CASE NO: 14-45778
JUDGE MARIA L. OXHOLM

**PROOF OF SERVICE OF TRUSTEE'S NOTICE OF FINAL CURE PAYMENT AND TRUSTEE'S NOTICE OF COMPLETION OF PLAN PAYMENTS; NOTICE TO CREDITORS OF OBLIGATION TO FILE A RESPONSE AND RIGHT TO OBJECT; AND NOTICE TO DEBTOR OF OBLIGATION TO FILE DEBTOR'S CERTIFICATION**

I hereby certify that I electronically filed the **TRUSTEE'S NOTICE OF FINAL CURE PAYMENT AND TRUSTEE'S NOTICE OF COMPLETION OF PLAN PAYMENTS; NOTICE TO CREDITORS OF OBLIGATION TO FILE A RESPONSE AND RIGHT TO OBJECT; AND NOTICE TO DEBTOR OF OBLIGATION TO FILE DEBTOR'S CERTIFICATION** was electronically filed with the Clerk of the Court, served via Electronic Court Filing and/or a copy of same was deposited in the U.S. Mail to debtor's(s)' attorney (if any) or the debtor(s), if unrepresented, at the address as it appears below.

**MIKE DILAURA & ASSOCIATES P C
105 CASS AVE
MT CLEMENS, MI  48043**

The holders of allowed claims on the attached list were served via First Class Mail at the addresses below by depositing same in a United States Postal Box with the lawful amount of postage affixed thereto:

January 14, 2020

/s/ Terri Dooms
-------------------------------------------
Legal Assistant
Office of the Chapter 13 Trustee - TAMMY L. TERRY
Buhl Building
535 Griswold, Suite 2100
Detroit, MI  48226
Telephone (313) 967-9857

SHELLEY J TYNAN
54902 BURLINGTON DRIVE
UTICA, MI 48315

| | |
|---|---|
| CAPITAL ONE N A<br>C/O BECKET AND LEE LLP<br>P O BOX 3001<br>MALVERN, PA 19355-0701 | US BANK TRUST NATIONAL ASSOCIATION<br>C/O SN SERVICING CORPORATION<br>323 5TH STREET<br>EUREKA, CA 95501 |